Thomas, Justice, delivered the opinion of the court: (1). The record in this case shows a suit by the plaintiff in error* against the defendant in error, before the probate justice of Winnebago county, and judgment for the plaintiff; appeal by the defendant to the circuit court of Winnebago county, trial, and judgment in favor of the plaintiff for $3.50 and costs. To this judgment, or any opinion or order of the court preceding its rendition, no objection is here made by either party. The matter of complaint is, that after the rendition of the said judgment by the circuit court, and on a subsequent day [*196] of the term, the court, on the defendant’s motion, instructed the clerk “not to tax costs for the travel fees of one Jacob B. Moreland, a witness ” in the cause on the part of the plaintiff. To correct the supposed error of the court, in giving such instruction to the clerk, the plaintiff prosecutes his writ of error. The first question presenting itself on this state of facts is as to the jurisdiction of this court, of the case in the shape in which it comes before us. The appellate jurisdiction of this court is confined by law to “ matters of error or complaint from the judgment or decree of any, of the circuit courts of this state” (R. L. 147-8, §2; Gale’s Stat. 168) ; and it is very clear that the instruction of the- court, given to the clerk as aforesaid, is neither a “judgment or decree,” nor “matter of error or complaint ” therefrom, within the meaning of the statute. R. L. 147-8, § 2; Gale’s Stat. 168. In all cases of appeal in the circuit court, the successful party, where the judgment of the justice is wholly affirmed, or reversed, is entitled to a judgment for his costs, but with the taxing of such costs, the court originally has nothing to do. R. L. 168, § 16 ; Gale’s Stat. 198. That duty is devolved by law upon the clerk; and in its performance he is to take counsel of the evidence adduced in support of the items of costs claimed, and not of the court; he being required “in no case to allow any item or charge, unless he shall be satisfied the service for which it was made was actually performed in the cause.” R. L. 170, § 21 ; Gale’s Stat. 198. If, however, “any person shall feel himself aggrieved by the taxation of any bill of costs by the clerk, he may apply to the court in which the action or proceeding was had, to re-tax the same according to law.” R. L. 170, § 22; Gale’s Stat. 198. The circuit court, by a proceeding under that law, would acquire jurisdiction of the subject matter, and its order, in making such re-taxation, would be such “matter of error or complaint” as this court might properly review, being made as it would be, with reference to evidence, and not in the exercise of a mere discretionary power. By availing himself of the remedy given by this statute, the plaintiff, if he had felt aggrieved, by the taxation of the costs, as made by the clerk, might have placed himself in a position to have obtained redress in the circuit court, or failing in that, to have had the action of the circuit court, in the premises, revised by this court. As it is, the matter is in this court, as it was in the court below, coram non judice. The circuit court gave the plaintiff judgment for his damages and costs, but not for any specific amount of costs. That matter was settled, ás by law it was required to be, by the clerk. The error here sought to be corrected is said to exist not in the judgment of the court, or the taxation of costs by the clerk, but in the instruction of the court on which the clerk is supposed to have acted. [*197] The proposition submitted is a mere abstract one. If this court differed with the circuit court, in reference to the instruction given by it to its clerk, we possess no power to review or reverse that instruction. The clerk might alike disregard the opinion of the circuit court, and the dissenting opinion of this court, as being wholly extra judicial. Any judgment of this court, ordering the taxation of the travel fees claimed by the witness (Moreland), as costs against the defendant, would operate, if at all, not upon any judgment of the circuit court, but upon the taxation of costs by the clerk, and would be simply a re-taxation of costs, which this court has no power to make. The opinion of the court is that it is not called upon, and indeed has not the power by law to adjudicate upon the question sought to bs made by the plaintiff in error, and that the writ of error, having been improvidently brought, be dismissed. Writ of Error dismissed. Scates, Justice, did not hear the argument in this cause, and gave no opinion.